(No. 1337—

M. A. IGLEHEART, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

CARL E. ROBINSON, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant was employed by the State at the heating and ice plants maintained in connection with the State hospital at Jacksonville. He was required to keep the boilers in the heating plant in repair, clean and change them when necessary, and to run the ice plant in the summer. On February 21, 1927, while preparing to clean the flues of one of the boilers in the heating plant, the ladder on which he was standing fell and threw him to the floor. The fall caused a fracture of his right arm, the ankle and hip of his right leg, and otherwise seriously bruised him. He was taken to the State hospital and treated by the physicians of the institution. As a result of the injuries his right leg is about two inches shorter than it was, and the wrist of his right arm is permanently injured. He left the hospital about the first of April and in a week or so thereafter was assigned to the duty of answering telephone calls at the ice plant. Shortly after that he took pneumonia and was again taken to the hospital. After his recovery from pneumonia he stayed at the hospital at night and answered telephone calls at the ice plant during the day until January 10, 1928, when he was discharged from the service of the State. At the time of the injury he was receiving $120.00 per month and was paid at that rate until the first of April. From April 1, 1927, to the time of his discharge he was paid $130.00 per month. He also received his board, lodging and medical treatment from the time of the injury until his discharge.

It is the contention of claimant that he is entitled to recover under the provisions of the Workmen's Compensation Act. The provisions of that Act apply automatically to the State when it is engaged in any of the enterprises or businesses declared by section 3 thereof to be extra hazardous. The maintenance of a hospital for the insane is not one of such enterprises. But the State may be engaged in one business which is not within the act and in another which is. Paragraph 1 of section 3 declares the erection, maintaining, removing, remodeling, altering or demolishing of any structure to be extra hazardous. We think there can be no question but that a heating plant for such a large institution as the Jacksonville State hospital is a "structure" within the meaning of the Act. If that be true, then claimant is entitled to compensation, for at the time he was injured he was em-

ployed in the maintenance of the plant and his injury arose out of and in the course of his employment.

In view of the fact that he is not totally disabled and the State kept him on its payroll after his injury until he drew approximately $1,360.00 and also furnished him with board, lodging and all necessary hospital and physicians' services, we think $1,200.00 is as much as he should be awarded in a lump sum.

It is therefore ordered that claimant be and he is hereby given an award of $1,200.00 to be paid in a lump sum.